Romell et al. *v.* Romell et al.

*Guardianship—Appeal to common pleas court—Refusal to appoint guardian for incompetent person.*

From a decision of the probate court refusing to appoint a guardian for a person upon an application alleging as the ground for such appointment that the person is an incompetent by reason of advanced age, an appeal may be prosecuted to the common pleas court.

(Decided September 23, 1922.)

Error: Court of Appeals for Erie county.

*Messrs. King, Ramsey, Flynn & Pyle,* for plaintiffs in error.

*Messrs. Beis & Beis* and *Mr. E. S. Stephens,* for defendants in error.

Chittenden, J.  In April, 1922, an application was made in the probate court of Erie county for the appointment of a guardian for John Romell. The application set forth that John Romell was of the age of 84 years, and incompetent and incapable of taking care of or preserving his property.  The statutory proceedings were followed and the matter came on for hearing before the probate court, which court found John Romell not incompetent, and dismissed the application at the cost of the applicant, whereupon the applicant, O. F. Romell, prosecuted an appeal to the court of common pleas. A motion was made to dismiss the appeal, which was granted by the common pleas court.  This proceeding in error is to reverse the judgment of the court of common pleas dismissing the appeal.

The question presented is purely a legal one and is simply stated. For some years the law relative to the appointment of guardians was to be found in Sections 10989 and 11011, General Code. Prior to 1919 Section 10989 provided that "upon satisfactory proof that a person resident of the county, or having a legal settlement in any township thereof, is an idiot, imbecile, or lunatic, the probate court shall appoint a guardian for such person." At the same time Section 11011 provided for the appointment of a guardian for one who was incapable of taking care of himself or his property, or of providing for his family, "by reason of intemperance, improvidence or habitual drunkenness."

An appeal from the action of the probate court in the matter of the appointment of guardians could be taken by virtue of Section 11206, General Code, the provisions of which, in that respect, are as follows:

"Appeal may be taken to the common pleas court * * * in proceedings to appoint guardians or trustees for idiots, lunatics, imbeciles, or drunkards."

In 1919 Section 10989 was amended by adding to the enumeration of persons for whom guardians might be appointed "an incompetent by reason of advanced age or mental or physical disability or infirmity."

The statute providing for appeal was not amended at that time so as to specifically include this description of incompetents. The sole objection urged to the right to appeal in this case is that an appeal from a refusal to appoint a guardian upon the ground of such incompetency has not been provided by statute. It was upon this

view of the law that the common pleas court granted the motion to dismiss the appeal. The only question to be determined is whether that order of the common pleas court was erroneous.

Section 11206, which provides for appeal, is a remedial statute, and is one of the sections included in part third of the General Code. Section 10214, General Code, determines how that part of the General Code shall be construed. It requires that it "shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice." The object of Section 11206 is manifestly to provide generally for appeal from the decision of the probate court, and the section enumerates numerous classes of proceedings to which it is applicable. It provides specifically for an appeal from an order *removing or refusing to remove* a guardian, without taking into account any of the grounds on which the appointment of such guardian was based. It is, we think, evident that it was intended that the section should provide for an appeal from the refusal of the court to appoint a guardian in all those cases in which a guardian may be appointed because of mental or physical incapacity. The amendment of 1919 did not materially change the class of people for whom a guardian might be appointed by virtue of the provisions of Section 10989. It is well known that in order to secure the appointment of guardians for those who had become incompetent by reason of old age it was the common practice to appoint guardians on the ground that they had become imbeciles. It is entirely evident that the amendment was intended to avoid the necessity of making the allegation of imbecility, which in many cases

was not in accord with the facts. We think the subject matter for which an appeal was provided was the refusal to appoint the guardian, and that the addition of another ground of appointment did not necessitate the amendment of Section 11206, providing for appeal, and that the section is sufficiently broad in scope, when the proper and liberal construction is given it, to support an appeal from a refusal to grant an application for a guardian based upon the new ground. The Supreme Court applied Section 10214, requiring a liberal construction, to Section 11206 in the case of *Trumpler, Admr.,* v. *Royer,* 95 Ohio St., 194, 202.

This view of the case calls for a reversal of the judgment of the court of common pleas. The judgment will be reversed and the cause remanded with instructions to overrule the motion to dismiss the appeal, and for further proceedings.

*Judgment reversed, and cause remanded.*

Richards and Kinkade, JJ., concur.